UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CHARLES S. EBERHARDT, II, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:24-cv-00221-JPH-MJD |
| | ) |
| ESTATE OF CHARLES DARRELL HENRY, | ) |
| SHIRLEY ANN LANGLEY HENRY, | ) |
| BRIAN L. HENRY, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

This matter is before the Court on Defendants' Second Motion for Leave to File First Amended Answer and Counterclaim in Response to Plaintiff's Complaint. [Dkt. 48.] The motion is fully briefed and the Court, being duly advised, **GRANTS** the motion for the reasons set forth below.

**I. Background**

Pursuant to the Case Management Plan in this case, motions for leave to amend the pleadings were due by May 31, 2024. [Dkt. 23 at 3.] On that date, Defendants filed a motion for leave to amend their Answer. [Dkt. 38.] No response to that motion was filed, so it was summarily granted, and Defendants were instructed to file their Amended Answer and Counterclaim, in substantially the same form as that found at Docket No. 38-2, by June 20, 2024. [Dkt. 39.] Defendants did not do so. Instead, on June 28, 2024, Defendants filed a frankly incomprehensible motion seeking leave to file a different Amended Answer and Counterclaim, one which was not provided with the motion for leave and which Defendants did not want to file until after the August 19, 2024, settlement conference in this case. [Dkt. 41.] A hearing was held on that motion, after which it was denied. [Dkt. 47.] That Order also provided:

> The Court *sua sponte* extends Defendants' deadline (as set forth in Docket No. 39) to file their Amended Answer and Counterclaim, in substantially the same form as that found at Docket Number 38-2, to Tuesday, July 16, 2024. If Defendants do not file that document by that date, they will have forfeited their right to do so. If Defendants wish to file a different Amended Answer and Counterclaim, they must file a motion for leave to do so that complies with the requirements of Local Rule 15-1, attaches a copy of the draft pleading that they wish to file, and establish that there is good cause to grant the motion.

*Id.* Four days later, on July 16, 2024, Defendants filed the instant motion, seeking leave to file a different Amended Answer and Counterclaim than the one they had previously been given leave to file.

## II. Applicable Standards

Leave to amend a complaint should be freely given "when justice so requires." Fed R. Civ. P. 15(a)(2). However, while Rule 15 creates a liberal standard for granting leave to amend, that standard must be reconciled with due respect for the Court's deadlines, as set in the case management plan that serves as the scheduling order required by Federal Rule of Civil Procedure 16(b). *See Alioto v. Town of Lisbon,* 651 F.3d 715, 719 (7th Cir. 2011). Under Rule 16(b), after the expiration of the Court's scheduling order deadline to amend pleadings, a pleading may only be amended "for good cause." Fed. R. Civ. P. 16(b)(4). Rule 16's "good cause" standard "primarily considers the diligence of the party seeking amendment." *Trustmark Ins. Co. v. General & Cologne Life Re of Am.*, 424 F.3d 542, 553 (7th Cir. 2005) (internal quotation marks and citations omitted). The movant bears the burden of showing "good cause." *See Tschantz v. McCann*, 160 F.R.D. 568, 571 (N.D. Ind. 1995) ("[A] party must show that despite their diligence the time table could not have reasonably been met."). The Seventh Circuit has held that the requisite diligence is not established if a delay is shown and the movant provides no good reason for the delay. *See Alioto*, 651 F.3d at 719.

In reconciling Rule 15 and Rule 16, the Seventh Circuit has held it is proper for a court to consider first whether the moving party meets the heightened "good cause" standard under Rule

16(b)(4), before proceeding to examine whether the party meets the requirements of Rule 15. *Alioto,* 651 F.3d at 719. Ultimately, "the decision to grant or deny a motion to file an amended pleading is a matter purely within the sound discretion of the district court." *Brunt v. Serv. Employees Int'l Union*, 284 F.3d 715, 720 (7th Cir. 2002).

### III. Discussion

As Plaintiff points out in his response to the instant motion, Defendants fail to expressly acknowledge the good cause standard in their motion, despite the fact that the Court noted that standard in its Order. Nonetheless, the Court finds good cause to excuse the fact that Defendants' second motion for leave came after the applicable deadline. Defendants filed a timely motion for leave—which was unopposed—and this subsequent motion for leave appears to be Defendants' attempt to avoid a motion to dismiss for what Defendants apparently believe to be a misunderstanding by Plaintiff regarding the initial proposed amendment. While it appears unlikely that this attempt will be successful, given Plaintiff's argument that the new proposed amendment would not survive a motion to dismiss, the Court finds Defendants' intention to avoid complicating this litigation to be good cause for permitting the belated motion for leave.

Turning to the Rule 15 standard, as noted above, the standard is a liberal one. However, the Court may deny a motion to amend when there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of amendment." *Bausch v. Stryker Corp.,* 630 F.3d 546, 562 (7th Cir. 2010) (alteration omitted) (quoting *Airborne Beepers & Video, Inc. v. AT & T Mobility LLC,* 499 F.3d 663, 666 (7th Cir. 2007)). Plaintiff argues that the motion for leave should be denied because Plaintiff "would be substantially prejudiced by Defendants' belated filing because it would take this case in a whole new direction." [Dkt. 49 at 5.] But having to defend against Defendants'

counterclaim is not the type of undue prejudice that mitigates in favor of denying motion for leave to amend. Rather, "'prejudice' is a reduction in the [nonmovant]'s ability to meet the [claim] on the merits." *Global Tech. & Trading, Inc. v. Tech Mahindra Ltd.*, 789 F.3d 730, 732 (7th Cir. 2015). It is not undue prejudice for the parties to have to litigate claims at issue in a case, even those added by amendment. And here, the short time between the deadline and the filing of the instant motion is not sufficient to prejudice Defendants. If the filing of the Amended Counterclaim necessitates additional discovery, Plaintiff may move for additional time to complete that discovery if necessary.

Finally, Plaintiff argues that the proposed amendment would be futile for a variety of reasons. The Court finds that these arguments are better addressed by means of a fully fleshed-out motion to dismiss, instead of the rather conclusory arguments made in response to the instant motion. Accordingly, the Court, in its discretion, will grant Defendants' motion for leave.

## IV. Conclusion

For the reasons set forth above, Defendants' Second Motion for Leave to File First Amended Answer and Counterclaim in Response to Plaintiff's Complaint, [Dkt. 48], is **GRANTED**. Defendants shall file their Amended Answer and Counterclaim, in substantially the same form as that found at Docket No. 48-2, by **August 14, 2024**.

SO ORDERED.

Dated: 9 AUG 2024

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Service will be made electronically on all ECF-registered counsel of record via email generated by the Court's ECF system.